**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CONSUMER DIRECT MEDIA LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Civil Action No. 22-CV-10459-AK |
| v. | ) |
| | ) |
| LEADS CAPTURE LLC and TIMOTHY | ) |
| LEE PETTY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

<u>MEMORANDUM AND ORDER ON PLAINTIFF'S</u>
<u>MOTION TO REINSTATE THE CASE AND</u>
<u>FOR ENTRY OF CONSENT JUDGMENT</u>

**ANGEL KELLEY, D.J.**

Plaintiff Consumer Direct Media LLC ("Consumer Direct") asks this Court to reinstate this action against Defendants Leads Capture LLC ("Leads Capture") and Timothy Lee Petty ("Petty") (collectively "Defendants") and for entry of a consent judgement. Consumer Direct asserts that Defendants failed to make payments, as stipulated in the Settlement Agreement. For the following reasons, Plaintiff's Motion to Reinstate the Case and for Entry of Consent Judgment [Dkt. 11] is **GRANTED**.

**I.      BACKGROUND**

On March 25, 2022, Consumer Direct brought suit against Defendants based on two counts: breach of contract against Leads Capture and common law fraud against Petty. [Dkt. 1 at ¶¶ 19-28, 29-46]. On May 6, 2022, the parties signed and executed a Settlement Agreement. [Dkt. 11-1]. Pursuant to the Settlement Agreement, Defendants were supposed to pay Consumer Direct the settlement amount of $180,000.00 in monthly installments from May 31, 2022, to

1

April 1, 2023.  [Id. at 3].  The Settlement Agreement includes a provision authorizing Consumer Direct to file a dismissal without prejudice immediately after the execution of the Settlement Agreement.  [Id.].  The Settlement Agreement also contains a consent judgment provision, which increases the settlement amount to "$320,000.00 less the amount of any payments previously made against Leads Capture and $75,000.00 against Petty."  [Id.].  The Settlement Agreement authorizes Plaintiff to obtain a stipulation and order to reinstate the case and a consent judgement against Leads Capture for the remaining settlement amount of "$320,000 less any payments which have been paid to Plaintiff," and against Petty for "equal to the lesser of $75,000 or the amount of the judgement against Defendant Leads Capture, LLC, pursuant to this consent judgment."  [Id. at 3-4, 13-14].  If Leads Capture did not make the first five payments, however, the consent judgment for the remaining settlement amount against Petty would be for "180,000 less any payments."  [Id. at 14].  The Stipulated Order of Dismissal, Stipulation and Order to Reinstate Case, and the Consent Judgment[1] were all mentioned and attached to the Settlement Agreement for the parties to review before signing the Settlement Agreement.  [Id. at 5, 8, 10-11, 13-14].

Pursuant to the Settlement Agreement, Consumer Direct filed a Notice of Voluntary Dismissal on May 11, 2022.  [Dkt. 9].  The Court terminated this case the following day, on May 12, 2022.  [Dkt. 11 ¶ 4].  Since the termination of the case, Defendants have failed to make the payments outlined in the Settlement Agreement.  [Dkt. 11 ¶ 6].  In accordance with the Settlement Agreement, Consumer Direct now asks this Court to reinstate the case and for entry

---

[1] After the motion hearing on May 30, 2024 [Dkt. 23], Plaintiff's counsel filed a revised proposed consent judgment [Dkt. 24], which indicates the amount Defendants must pay, minus the $33,500.00 Defendant Petty has already paid intermittently.

of a consent judgement to enforce the Settlement Agreement.  [Dkt. 11 ¶ 10].  The Defendants

have not filed an opposition to Consumer Direct's Motion.

## II.    LEGAL STANDARD

Federal courts are of limited jurisdiction, and on a motion to reinstate the case and for

entry of consent judgement, the Court must ensure it has constitutional and statutory authority to

adjudicate.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  Federal

courts do not presume that a case before them is within the limited jurisdiction they possess.

Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998).  "[A] federal court does not have

inherent jurisdiction to enforce a settlement [agreement] merely because it presided over the law

suit that led to the settlement."  F.A.C., Inc. v. Cooperativa de Seguros de Vida de Puerto Rico,

449 F.3d 185, 189 (1st Cir. 2006).  "Once a case has been settled and dismissed, a court must

establish ancillary or subject-matter jurisdiction of the settlement agreement before enforcing it."

McDermott v. Wilson, No. 14-12801-MLW, 2016 WL 554777, at *1 (D. Mass. Feb. 10, 2016).

The burden of establishing jurisdiction "rests upon the party asserting jurisdiction."

Kokkonen, 511 U.S. at 377.  The party asserting jurisdiction to reinstate their case must

explicitly state that they are seeking enforcement of the settlement agreement and not merely

seeking reopening the dismissed suit because the agreement that was the basis for the dismissal

was breached.  Id.  Once the reviewing court establishes jurisdiction to enforce a settlement, it

can review a motion for entry of a consent judgment.  Roman-Oliveras v. Puerto Rico Elec.

Power Auth. (PREPA), 797 F.3d 83, 86 (1st Cir. 2015).  Upon reviewing a consent decree, a

court "must examine its terms to be sure they are fair and not unlawful."  Aronov v. Napolitano,

562 F.3d 84, 91 (1st Cir. 2009).  A court's approval of a consent decree is "committed to the trial

court's informed discretion."  United States v. Cannons Eng'g Corp., 899 F.2d 79, 84 (1st Cir.

1990).  Within the abuse of discretion standard is a "strong public policy in favor of settlements .

. . ."  United States v. Comunidades Unidas Contra La Contaminacion, 204 F.3d 275, 280 (1st

Cir. 2000).

## III.   DISCUSSION

Consumer Direct moves to reinstate this case and for entry of a consent judgment on the

grounds that Defendants breached the Settlement Agreement the parties signed on May 6, 2022.

[Dkt. 11 at ¶ 2].  Consumer Direct argues that granting this motion is in accordance with the

signed Settlement Agreement.  [Dkt. 11 at ¶¶ 7-10].

### A.     Motion to Reinstate Case

An aggrieved party to a settlement agreement may seek to enforce the agreement's terms

when the opposing party violates it.  Malave v. Carney Hosp., 170 F.3d 217, 220 (1st Cir. 1999).

"Enforcement of [a] settlement agreement . . . [through a] decree of specific performance is more

than just a continuation or renewal of the dismissed suit, and hence requires its own basis for

jurisdiction."  Kokkonen, 511 U.S. at 378.  Federal courts may review a motion to reinstate the

case and for entry of a consent decree only when it has established either an ancillary or

independent basis for jurisdiction.  See McDermott v. Wilson, No. 14-12801-MLW, 2016 WL

554777, at *1 (D. Mass. Feb. 10, 2016) (stating that "Once a case has been settled and dismissed,

a court must establish ancillary or subject-matter jurisdiction of the settlement agreement before

enforcing it.").

"The doctrine of [ancillary] enforcement jurisdiction is a judicial creation, born of the

necessity that courts have the power to enforce their judgments."  U.S.I. Props. Corp. v. M.D.

Constr. Co., 230 F.3d 489, 496 (1st Cir. 2000).  Since ancillary jurisdiction is a "'creature of

necessity,' it extends only as far as required to effectuate a judgment."  Fafel v. Dipaola, 399

F.3d 403, 411 (1st Cir. 2005) (quoting Peacock v. Thomas, 516 U.S. 349, 359 (1996)).  A federal court has ancillary jurisdiction over a settlement agreement only if the dismissal order mentions the parties' obligation to comply with the terms of the settlement agreement "either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order."  Kokkonen, 511 U.S. at 381. If the dismissal order does not mention the parties' obligation to comply with the terms of the settlement agreement, then the matter is left for state courts to adjudicate, unless there is an independent basis for federal jurisdiction, like diversity.  Id. at 382.  Determining whether these requirements are met should not be conducted using "[h]ard and fast rules" due to "variations in language and context."  First Marblehead Corp. v. Educ. Res. Inst. Inc., 463 B.R. 151, 160 (D. Mass. 2011) (citing F.A.C., 449 F.3d at 190).

Pursuant to Rule 41(a)(1), a court can "retain enforcement jurisdiction over a settlement coincident with a Rule 41(a)(1) dismissal" if both parties agree.  Mun. of San Juan v. Rullan, 318 F.3d 26, 31 (1st Cir. 2003).  Plaintiff asserts that this Court retains jurisdiction over this action because Defendants breached the Settlement Agreement, pursuant to the Notice of Voluntary Dismissal and the Stipulation and Order to Reinstate Case.  [Dkt. 11 at ¶¶ 5-7].  The Notice of Voluntary Dismissal only refers to a settlement agreement in passing.  See F.A.C., 449 F.3d at 190 (originally denying ancillary jurisdiction because the parties' dismissal pursuant to Rule 41(a)(2), which only made a "bare reference" to "a[n] [oral] settlement agreement," did not satisfy Kokkonen).  Instead, however, the Notice contains a provision requesting the Court to retain jurisdiction over this matter in the event Defendants breach the settlement agreement executed by the parties, thus satisfying Kokkonen.  [Dkt. 9 at 1]; see also Kokkonen, 511 U.S. at 381 (stating that a court has ancillary jurisdiction if the dismissal order includes a provision

retaining jurisdiction over the settlement agreement).  Similarly, the Settlement Agreement explicitly mentions the parties' intention for the Court to maintain jurisdiction.  [Dkt. 11-1 at 2-3].

Even if this Court did not have ancillary jurisdiction, Plaintiff has established diversity jurisdiction in the Complaint; therefore, the Court has an independent basis for jurisdiction. [Dkt. 1 at ¶¶ 9-12]; F.A.C., 449 F.3d at 190.

**B.      Motion for Entry of Consent Judgment**

Courts do not view a consent decree the same as a settlement agreement because unlike consent decrees, settlement agreements do not "entail judicial approval and oversight."  Common Cause Rhode Island v. Gorbea, No. 1:20-CV-00318-MSM-LDA, 2020 WL 4365608, at *4 (D.R.I. July 30, 2020) (citing Aronov. Napolitano, 562 F.3d at 90-91).  A consent judgment possesses "characteristics of both contracts and final judgments on the merits."  U.S. Bank N.A., Trustee to Bank of America, N.A. v. Williams, No. 4:17-CV-40145-DHH, 2020 WL 13830803, at *8 (D. Mass. Oct. 30, 2020).  It comprises of an agreement between the parties, that they "'desire and expect will be reflected in, and be enforceable as, a judicial decree.'"  Aronov v. Napolitano, 562 F.3d at 90-91 (quoting Frew ex rel. Frew v. Hawkins, 540 U.S. 431, 437 (2004)).

When reviewing for a motion for entry of a consent judgement, courts must ensure that it "is fair, adequate and reasonable . . . ."  Durrett v. Hous. Auth. of Providence, 896 F.2d 600, 604 (1st Cir. 1990).  Evaluating fairness requires an examination of the procedural and substantive aspects of the consent judgment from the "standpoint of signatories . . . to the decree."  Shwachman v. Town of Hopedale, 540 F. Supp. 3d 134, 139 (D. Mass. 2021) (citing United States v. Cannons Eng'g Corp., 720 F. Supp. 1027, 1040 (D. Mass. 1989), aff'd 899 F.2d

79 (1st Cir. 1990)).  Furthermore, courts must assure themselves that both parties validly consented to the consent decree, and "that reasonable notice has been given [to] possible objectors . . . ."  <u>Durrett</u>, 896 F.2d at 604.  A court can properly approve a consent judgment if it "spring[s] from and serve[s] to resolve a dispute within the court's subject-matter jurisdiction"; "'come[s] within the general scope of the case made by the pleadings' . . . and "further[s] the objectives of the law upon which the complaint was based."  <u>Loc. No. 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland</u>, 478 U.S. 501, 525 (1986) (quoting <u>Pacific R. Co. v. Ketchum</u>, 101 U.S. 289, 297 (1880)).

The Court is satisfied that the Consent Judgment is fair, adequate, and reasonable.  The Judgment entitles Plaintiff to a fair increase in the Settlement Amount should the Defendants default.  The total amount due, including an increase, does not exceed the total amount of damages Plaintiff stipulates it sustained because of Defendants' violation of the Master Service Agreement.  [Dkt. 11-1 at 2, 3].  The Court is assured that the parties have validly consented to the Consent Judgment.  Defendants appear to have voluntarily signed the Settlement Agreement [<u>Id.</u> at 6], and the Settlement includes drafts of the Stipulated Order of Dismissal, Motion to Reinstate the Case, and the Final Judgment by Consent as exhibits.  [<u>Id.</u> at 8, 10-11, 13-14].  Furthermore, Defendants had reasonable notice to object to the Settlement Agreement itself and to the pending motion yet have chosen not to do so.  Finally, the Consent Judgment seeks to resolve the Settlement Amount that Plaintiff is entitled to in a matter that is directly related to the Complaint Plaintiff originally filed.  Thus, the Consent Judgment satisfies the three elements laid out in <u>Loc. No. 93, Int'l Ass'n of Firefighters</u>, 478 U.S. at 525.

**IV.      CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Reinstate Case and for Entry of Consent

Judgment [Dkt. 11] is **GRANTED**.

**SO ORDERED.**

Dated: June 14, 2024                                           /s/ Angel Kelley
                                                                        Hon. Angel Kelley
                                                                        United States District Judge